IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KENNETH R. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:4:12-cv-00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER MICHAEL J. ASTRUE, | ) ) | By: Hon. Jackson L. Kiser  Senior United States District Judge |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Before me are cross-motions for summary judgment filed by Plaintiff, Kenneth R. Edwards ("Plaintiff"), and Defendant, the Commissioner of Social Security ("the Commissioner"). The motions have been evaluated by Magistrate Judge B. Waugh Crigler, who filed a Report and Recommendation ("R & R") on October 22, 2012, recommending that I grant the Commissioner's Motion and dismiss the case. [ECF No. 22.] Plaintiff filed a timely objection on November 1, 2012. (See Pl.'s Objections to the R & R (hereinafter "Pl.'s Obj.") [ECF No. 23].) The Commissioner responded, attempting to object to some of the conclusions in the R & R but arguing to let Judge Crigler's ultimate conclusion stand. (See Def. Resp. to Pl.'s Obj. to the R & R (hereinafter "Def.'s Resp.") [ECF No. 24].) After careful review and consideration, and for the reasons outlined below, I will **SUSTAIN** the Plaintiff's objection, **ADOPT IN PART AND REJECT IN PART** the R & R, **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** the Commissioner's Motion for Summary Judgment, and **REMAND** this case to the Commissioner for further review.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 13, 2010, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on June 21, 2005. (See R. 158−61.) His claim was denied on July 2, 2012, and upon reconsideration on December 9, 2010. (See R. 57−61; 65−67.) On December 23, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 72−73.)

The ALJ conducted a video hearing on July 6, 2012, in Charlottesville, Virginia. (See R. 30−54.) Plaintiff was represented by counsel and testified on his own behalf. (R. 2−51.) He called no other witnesses. (R. 51.) Sandy Wells-Brown, a Vocational Expert, also testified. (R. 51−53.) On August 18, 2011, the ALJ issued an opinion finding that Plaintiff was disabled from June 21, 2005, through July 9, 2010, "but not at any relevant time thereafter." (R. 19.) The ALJ found that Plaintiff's "residuals of musculoskeletal injury and degenerative disc disease" rendered him disabled and that, from June 21, 2005, through July 9, 2010, there were no jobs that existed in significant numbers in the national economy that he was capable of performing. (R. 14, 18.) After July 9, 2010, however, Plaintiff's residual functional capacity had improved enough that Plaintiff was no longer disabled under the law, meaning that jobs did exist in significant numbers in the national economy that Plaintiff was capable of performing. (R. 18.)

Plaintiff requested a review of this partially favorable decision; the Appeals Council found no reason to review the ALJ's decision, denied Plaintiff's request, and the ALJ's decision became the final decision of the Commissioner. Plaintiff filed suit in this Court on January 26, 2012. (See Compl. [ECF No. 1].)

This case was referred to Magistrate Judge B. Waugh Crigler for consideration. Magistrate Judge Crigler concluded that the ALJ failed to apply the proper legal standard when

- 2 -

Case 4:12-cv-00005-JLK-BWC   Document 25   Filed 12/06/12   Page 2 of 8   Pageid#: 410

considering if Plaintiff's disability had improved to the point of being able to perform substantial gainful activity, effectively placing the burden of proof regarding improvement on the wrong party. (See R & R pg. 4−5.) Ultimately, however, Judge Crigler concluded that, had the ALJ applied the proper legal standard, there would be substantial evidence to support the conclusion the ALJ reached applying the improper standard. To put it another way, there was substantial evidence to support the ALJ's ultimate conclusion when the proper legal standard was applied, and Magistrate Judge Crigler recommended that I affirm the Commissioner's final decision. (Id. pg. 7−8.) The Plaintiff filed a timely objection to the R & R, wherein he maintained that, once it is determined that an improper legal standard has been applied, the "substantial evidence" test is moot. (See Pl.'s Objs. pg. 2.) He maintains that, "where the Administration has applied an improper legal standard, the proper remedy is to remand the Claim back to the [ALJ] for the application of the proper legal standard, unless the evidence would admit of 'only one conclusion.'" (Id.) The Commissioner believes that the ALJ actually did apply the proper legal standard, despite his failure to object to Magistrate Judge Crigler's conclusion that the ALJ did not apply the proper standard in the R & R.[1] (See Def.'s Resp. pg. 6.) Even if the ALJ did not apply the correct legal standard, however, the Commissioner says there is no reason to believe that applying the proper standard "would have changed the outcome of the ALJ's decision . . . ." (Id. pg. 7.) The matter is now ripe for review.

## II.    STANDARD OF REVIEW

---

[1] I have sympathy for the Commissioner's position. Although he disagrees with Magistrate Judge Crigler's conclusion that the ALJ failed to apply the proper evaluation, he agrees with the overall recommendation to affirm the Commissioner's decision. Therefore, he did not object to the R & R, despite the fact that his acquiescence to the ultimate recommendation of the R & R means he waves his objection to the intermediate conclusion regarding the evaluation. See Fed. R. Civ. P. 72(b)(2). Nevertheless, I overrule the Commissioner's objection insofar as he states one in his response. For the reasons stated herein, I agree with Magistrate Judge Crigler that the ALJ failed to employ the proper legal standard.

- 3 -

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the VE, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2012). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

---

[2] Or the secretary's designate, the ALJ. See Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).

## III.   DISCUSSION

I adopt Magistrate Judge Crigler's R & R in two respects.  First, it is apparent from the record that the ALJ applied the wrong legal standard.  Specifically, whereas the ALJ was *supposed* to apply the eight-step sequential evaluation to determine whether an individual who has been determined to be disabled remains disabled, see 20 C.F.R. § 404.1594(f) (2012), the ALJ *actually* applied only the five-step sequential evaluation.  (R. 12−14.)  On this point, Judge Crigler is correct that the ALJ committed error, and I adopt his conclusion in the R & R on that point.  Second, Magistrate Judge Crigler was correct that the burden is on the Commissioner to show that a medical improvement has occurred and that the improvement relates to the claimant's ability to work.  See Lively v. Bowen, 858 F.2d 177, 181 n.2 (4th Cir. 1988).  The ALJ placed the burden "on the plaintiff to show his disabling impairments had not improved," and Judge Crigler properly concluded that that was "erroneous."  (R & R pg. 5.)  I adopt the R & R with respect to this point as well.

The Commissioner argues that, although the ALJ did not delineate each step in the eight-step evaluation, all eight steps were considered.  While the Commissioner is correct that a formulaic recitation of each step of the ALJ's determination is not required, see, e.g., Woolfolk v. Comm'r of Soc. Sec., 89 Fed. App'x 766, 768 (3d Cir. 2004), that is incidental to the ALJ's error.  Even if I were to tease out the issues in the ALJ's opinion and conclude that he considered every step, the ALJ has incurred a separate standard of review by explicitly applying the wrong legal standard.  I may agree that each step was considered, and I may agree that the ultimate *conclusion* is supported by substantial evidence, but that is not the relevant inquiry.  I am not permitted to ask whether the ALJ's ultimate decision is supported by "substantial evidence;" rather, I must remand the case unless the Record would support only one conclusion.  See Schaal

v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) ("Where application of the correct legal standard could lead to only one conclusion, we need not remand."); Hoy v. Astrue, Case No. 5:10cv00037, 2011 WL 2295264, at *4 n.5 (W.D. Va. June 9, 2011). Therefore, even if I scour the Record and determine that the ALJ considered, in some form or another, all eight steps in the evaluation process, unless the Record is so clear that only one conclusion may be reached with regard to the evidence, a remand is necessary.

While it may seem, as the Commissioner suggests, that a remand is an exercise in futility where the ultimate conclusion, albeit reached improperly, would be supported by substantial evidence if the correct legal standards were applied, the Eastern District of North Carolina has set forth why that is not the test for affirming a decision:

> "'Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have [his] disability determination made according to the correct legal principles.'" Moreover, the rationale supporting the administrative decision provided by Defendant's briefing is not evident in the ALJ's decision and the Court may not speculate as to the reasoning applied by the ALJ. "It may be . . . that the ALJ considered all of these factors and proposed to himself cogent reasons for disregarding them. However, on this record we cannot so determine. The Secretary must present us with findings and determinations sufficiently articulated to permit meaningful judicial review." Accordingly, this matter should be remanded so that the ALJ can perform the required analysis . . . and to explain on the record how the evidence as a whole supports the decision.

Wynne ex rel. Pennell v. Astrue, Case No. 5:09-CV-367-FL, 2010 WL 2402843, at *6 (E.D.N.C. May 21, 2010) (internal citations omitted), memorandum and recommendation adopted, 2010 WL 2402849 (E.D.N.C. June 14, 2010). The ALJ may very well determine that Plaintiff improved and that he was not disabled after July 9, 2010, but Plaintiff is entitled to have his case reviewed under the proper legal metrics.

The Commissioner's attempt to distinguish the case law on which Plaintiff relies is unavailing. The Commissioner argues that Wynne ex rel. Pennell v. Astrue and Hoy v. Astrue are not applicable because "[t]he Commissioner in this case is not asking the Court to award benefits, the ALJ did not neglect to address an important legal concept, and additional fact-finding is not necessary." (Def.'s Resp. pg. 9.) He says that, because the ALJ "determined that medical improvement occurred," a remand is unnecessary. (Id.) But this ignores Judge Crigler's conclusion that the ALJ required Plaintiff to prove that he remained disabled rather than requiring the Commissioner to prove that he had improved. The ALJ may have reached a conclusion, but he did it by placing the burden of proof on the wrong party. Plaintiff's failure to prove his continued disability does not mean that the Commissioner will necessarily be able to prove his improvement. As such, further fact finding is required, and the facts must be evaluated under the appropriate standard of review.

Obviously, a remand would be for naught if the Record could only lead to one conclusion. Unfortunately for the Commissioner, there is evidence to suggest that Plaintiff's pain is not under control, and therefore remains a disabling condition. Cf. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled with medication or treatment, it is not disabling."). Here, the Record shows that, on several occasions after July 9, 2010, Plaintiff was still suffering immense pain. On April 28, 2011, Dr. Richard Cole noted:

> Pain is frequent (75% of the time), pain is throbbing, pain is dull, aching, pain is shooting, pain is sharp, pain is described as numbness, pain is described as tingling, work activities avoided in the last month due to pain, yard work/shopping avoided in the last month due to pain, recreation avoided in the last month due to pain, exercise avoided in the last month due to pain, and sexual activity avoided in the last month due to pain.

(R. 295.) Moreover, Plaintiff stated to his doctor that his pain had been "10 out of 10" at some point in the last seven days. (See Pl.'s Mem. In Supp. of Mot. for Summ. J. Ex. A [ECF No. 15].) Because it is not my job to weigh conflicting evidence, see Mastro, 270 F.3d at 176, I take no opinion on whether substantial evidence in the Record would support either Plaintiff's position or the Commissioner's. I only know that there is evidence to support Plaintiff's claim, and if there is such evidence, the Record can support more than one conclusion. A remand is required.

## IV. CONCLUSION

The ALJ used the wrong legal standard when determining if Plaintiff had improved to the point that he was no longer disabled. Because there is evidence in the Record to support the positions of both parties, a remand is necessary to further develop the relevant facts and apply the proper legal standard to those facts. Therefore, I will **SUSTAIN** the Plaintiff's Objection to the R & R, **ADOPT IN PART AND REJECT IN PART** the R & R, **GRANT** the Plaintiff's Motion for Summary Judgment, **DENY** the Commissioner's Motion for Summary Judgment, **REMAND** this case to the Commissioner for further proceedings consistent with this Opinion, and **DISMISS** this case from the active docket of the Court.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 6th day of December, 2012.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE